## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM BY GUAM HOUSING AND URBAN RENEWAL AUTHORITY, A Public Body Corporate and Politic<br><br>Plaintiff,<br><br>vs.<br><br>ANTOINETTE S. RODRIGUEZ<br><br>Defendant. | CIVIL CASE NO. CV0298-21<br><br><br>DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter came before the Honorable Dana A. Gutierrez on August 31, 2022 for a hearing on Plaintiff Guam Housing and Urban Renewal Authority's ("GHURA") Motion for Reconsideration. Present at the hearing was Attorney Joseph B. McDonald representing GHURA, and Attorney Richard L. Johnson representing Defendant Antoinette S. Rodriguez ("Rodriguez"). Upon review of the arguments presented and in accordance with applicable law, the Court now issues this Decision and Order **DENYING** GHURA's Motion for Reconsideration.

## BACKGROUND

This action arises out of GHURA's Complaint filed on April 20, 2021 ("Complaint") asserting six (6) causes of action against Rodriguez, including four (4) False or Fraudulent

claims pursuant to Guam's False Claims and Whistleblower Act ("FCWA").[1]

In response, Rodriguez filed a Motion to Dismiss on August 18, 2021. GHURA filed a Response to Motion to Dismiss ("Response") on September 15, 2021. Rodriguez filed a Reply on September 28, 2021. The Court heard the oral argument of the parties on December 10, 2021. On March 11, 2022, the Court issued a Decision and Order Granting Plaintiff's Motion to Dismiss ("D&O"),[2] which granted Rodriguez's Motion to Dismiss the first four (4) counts of the Complaint and ordered GHURA to file an Amended Complaint within thirty (30) days in accordance with the D&O if GHURA wanted to continue the actions for breach of contract and unjust enrichment.

On April 11, 2022, GHURA filed its Motion for Reconsideration of the Court's Order Dismissing Counts Alleging False Claims ("Mot. for Recons."). On May 9, 2022, Rodriguez filed her Opposition Memorandum in Response to Motion for Reconsideration ("Opp'n").[3] On May 23, 2022, GHURA filed its Reply to the Opposition to Motion for Reconsideration ("Reply"). On August 29, 2022, Rodriguez filed a Submission of Supplemental Authority. On August 30, 2022, GHURA filed an Errata to its Reply ("Errata"), which corrected a mistake in the Reply wherein GHURA originally wrote that it "does contend that [Rodriguez's counsel's]

---

[1] The Complaint claims were identified as follows: Count 1: False or Fraudulent Claims (5 GCA § 37102(a)(1) (2011-2012 HAP Contract)); Count 2: False or Fraudulent Claims (5 GCA § 37102(a)(2) (2011-12 HAP Contract)); Count 3: False or Fraudulent Claims (5 GCA § 37102(a)(1) (2013) HAP Contract)); Count 4: False or Fraudulent Claims (5 GCA § 37102(a)(2) (2013) HAP Contract)); Count 5: Breach of Contract (2013 HAP Contract); Count 6: Unjust Enrichment (2013) HAP Contract). Compl., at 18-25.

[2] The Court notes that the March 11, 2022 D&O was improperly titled "Plaintiff's Motion," when in fact, the Court granted Defendant's Motion.

[3] Rodriguez requested sanctions in her Opposition. However, she did not file a separate motion for sanctions pursuant to the Guam Rules of Civil Procedure ("GRCP") Rule 11(c)(1)(A). Although the Court may on its own initiative enter an order imposing sanctions pursuant to GRCP Rule 11(c)(1)(B), based on the information and pleadings before the Court, the Court is not inclined to do so and will not do so at this time.

failure to disclose *Jenkins* was intentional or willful." Reply, at 2; Errata, at 1.[4] The Errata changed the sentence to read that GHURA "does *not* contend that [Rodriguez's counsel's] failure to disclose *Jenkins* was intentional or willful." Errata, at 1. On August 31, 2022, GHURA filed a Submission of Supplemental Authorities. At the August 31, 2022 Motion hearing, the parties presented oral arguments before the Court. The Court then took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

The issue before the Court is whether GHURA has sufficient grounds to support its Motion for Reconsideration based on (1) a material difference in law; or (2) a claim of manifest injustice.

**1.    GHURA Does Not Have Sufficient Grounds for a Claim of Material Difference in Law Pursuant to the Local Rules of the Superior Court of Guam Civil Rule 7.1(i)(1).**

A motion for reconsideration offers "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Guam Bar Ethics Committee v. Maquera,* 2001 Guam 20 ¶ 9 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Motions for reconsideration may be made under the Guam Rules of Civil Procedure ("GRCP"), Rule 59(e) and Rule 60(b), and while different in procedure, both rules are treated as "essentially equivalent" by the court. *Rong Chang Co., Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 ¶ 18; GRCP 59(e), 60(b). The Local Rules of the Superior Court of Guam provide further guidance regarding motions for reconsideration under Civil Rules ("CVR") Rule 7.1(i), which states:

---

[4] *Jenkins v. Montallana*, 2007 Guam 12.

A motion for reconsideration of the decision on any motion may be made only on the grounds of

*(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision,* or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CVR 7.1(i) (emphasis added). Therefore, a motion for reconsideration must meet one of these three criteria to be made in the Superior Court of Guam.

Further, a party moving for reconsideration cannot use the motion "to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." *Guam Bar Ethics Committee,* 2001 Guam 20 ¶ 9; *Ward v. Reyes,* 1998 Guam 1 ¶ 13 (upholding trial court's denial of a motion for reconsideration where the "[m]otion [was] supported by evidence *which could have and should have* been presented to the trial court during consideration of the original Motion to Dismiss") (emphasis added); *see also Kona,* 229 F.3d at 890 (finding that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

### A. GHURA Was Not Reasonably Diligent in Presenting Case Law to the Court to Support Its Argument.

At the August 31, 2022 Motion hearing, GHURA stated that it brought its Motion for Reconsideration "on the basis of CVR 7.1(i)(1)."[5] Min. Entry, at 2:10:08-2:10:15 PM (August 31, 2022). Pursuant to this Rule, GHURA argued that "the material difference in the law comes about by *Jenkins v. Montallana*" which "recognized that a statute that is procedural in effect can be retroactively applied." Reply, at 2; Min. Entry, at 2:11:47-2:11:53 PM (August 31, 2022). GHURA alleges that it was "reasonably diligent" during the litigation process, but "Defendant never provided *Jenkins v. Montallana*, 2007 Guam 12" and that "the effect of this nondisclosure was that the Court did not have the benefit of *Jenkins* in its order dismissing the case." Reply, at 2.

In the Opposition, Rodriguez contends that GHURA's Motion for Reconsideration is a "second bite at the apple," and at the Motion hearing, Attorney Johnson stated that "nothing prohibited [GHURA] from arguing this stuff the first time around." Opposition, at 1; Min. Entry, at 2:26:05-2:26:26 PM (August 31, 2022). Regarding the *Jenkins* case not being raised earlier, Attorney Johnson questioned GHURA's "claim" that "[Rodriguez] didn't find *Jenkins*, or found *Jenkins* and didn't let anybody know about it. Why didn't [GHURA] find it? ... I didn't argue *Jenkins* because they didn't argue *Jenkins*. Had they raised *Jenkins*, we would have had an argument about it the first time around." Min. Entry, at 2:26:35-2:26:52 PM (August 31, 2022).

GHURA defends its late use of *Jenkins* by stating:

The statute calls for reasonable diligence. Your Honor, Guam's [FCWA] is a new law, untested in all respects. We recognized this and we gave you a well-pled

---

[5] Counsel's statement clarified GHURA's Motion for Reconsideration, which cited all three factors of CVR Rule 7.1(i). Because GHURA only moved the Court under CVR Rule 7.1(i)(1), the Court will limit the scope of its review to that rule and not CVR Rule 7.1(i)(2) or (3).

complaint, providing every basis for which the other party may challenge. We didn't hide the ball on anything. ... Your Honor, reasonable diligence. Four attorneys had gone through this argument and neither Mr. Johnson who had the benefit of the sandwich cases on *Jenkins*, nor Mr. Razzano who's present here, and Your Honor - I'm sorry, but with all due respect, Your Honor also did not point to any remedial cases in her decision. We found this. We have been reasonably diligent.

Min. Entry, at 2:47:17-2:47:46 PM (August 31, 2022).[6]

After this comment, the Court asked GHURA with regard to locating the *Jenkins* case so late in the proceedings, "why couldn't you have been reasonably diligent at the time you were filing your Opposition [to the Motion to Dismiss]?" Min. Entry, at 2:47:50-2:47:58 PM (August 31, 2022). To the Court's question, Attorney McDonald responded "we believe we were," and stated "it's reasonably diligent in the shoes of the movant," but contends that "all the actors...passed on the question." Min. Entry at 2:48:00-2:48:16 PM (August 31, 2022).

The Court is not convinced by GHURA's claim that it was reasonably diligent searching for case law when opposing the Motion to Dismiss and unable to locate this case.[7] Instead, GHURA appears to be presenting a case in its Motion for Reconsideration that could have and should have been raised earlier. *See Ward*, 1998 Guam 1 ¶ 13. A motion for reconsideration is not the proper time to present a new legal theory or raise arguments for the first time when they could have reasonably been raised earlier. *Guam Bar Ethics Committee*, 2001 Guam 20 ¶ 9. GHURA is attempting to raise *Jenkins* in its Motion for Reconsideration when it should have raised it earlier in the Motion to Dismiss. In GHURA's Response to the Motion to Dismiss,

---

[6] Attorney Joseph Razzano was also present at the hearing.
[7] This Court conducted a cursory search on the online legal research platform, Westlaw Edge, of Guam cases with the key word "retroactivity," which yielded a mere twenty-nine (29) results as of the time of this writing. *Jenkins* was the eighth (8th) search result. This does not support GHURA's claim of reasonable diligence, nor does it demonstrate knowledge that no reasonable lawyer would have had access to the case at the time of briefing on the Motion to Dismiss.

GHURA supported its argument for FCWA's retroactivity with case law from the Supreme Court of Guam, including *In Re Request of 24th Guam Legislature for Declaratory Judgment,* 1997 Guam 15 and *People v. Camacho,* 2013 Guam 3 ¶ 13. Response, at 5, 10. GHURA claims that this Court "did not have the benefit of *Jenkins*" in its March 11, 2022 D&O because Rodriguez did not cite to the case, but GHURA provides no valid reason why GHURA was unable to locate *Jenkins* independently to support its Response or other pleadings. *See* Reply, at 1-2. Therefore, GHURA's attempt to provide *Jenkins* as a "material difference in law" in its Motion for Reconsideration is improper pursuant to CVR Rule 7.1(i)(1).

> **B.      GHURA Was Also Not Reasonably Diligent in Raising Its Remedial Argument Pursuant to CVR Rule 7.1(i)(1).**

In GHURA's Motion for Reconsideration, GHURA claims that the Court's D&O concluded that "no court has given retroactive effect to a jurisdiction's false claims" and GHURA claims that "this inquiry may be too narrow."[8] Mot. for Recons., at 2. GHURA argues that "remedial statutes are given retroactive effect," which should include the FCWA because it "provides remedy for fraud against the government where remedy already existed under Guam law." Mot. for Recons., at 2-3. GHURA contends that "while GHURA sought remedy under the FCWA, it also could have sought (and may still seek) redress through actions in tort for Rodriguez's false representations." Mot. for Recons., at 4. GHURA alleges "because FCWA is procedural/remedial, it must be given retroactive effect." Mot. for Recons., at 5.

Similar to the *Jenkins* case above, the Court finds that GHURA failed to raise these arguments in its Response to the Motion to Dismiss. Instead, GHURA first attempted to raise

---

[8] GHURA does not cite to a page of the D&O where the Court concludes that "no court has given retroactive effect to a jurisdiction's false claims," and the Court finds that the D&O made no such conclusion.

these remedial arguments at the Motion to Dismiss hearing on Dec. 10, 2021. At the hearing, Attorney McDonald cited to case law like "179 A.D.3d. 457"[9] and stated that "when the statute is remedial in nature it is to be liberally construed to carry out the reform intended and spread its beneficial effects as widely as possible" and "should be accorded retroactive effect." Min. Entry, at 10:59:30 AM (Dec. 10, 2021). However, the Court, surprised by arguments not raised in GHURA's Response, declined to consider the arguments because Attorney McDonald was raising them for the first time at the hearing and "[Rodriguez] did not have an opportunity to address" them in the briefings or prepare for the hearing in regard to them. Min. Entry, at 11:44:19 AM (Dec. 10, 2021). Rather, the Court said GHURA "could always try and file something" with regard to these remedial arguments and GHURA's opposition to the Motion to Dismiss, but the Court cautioned that it would not likely consider these arguments "unless it was something you really couldn't have provided at the time you responded." Min. Entry, at 11:46:57 AM (Dec. 10, 2021). After the hearing, GHURA did not file any other pleadings with regard to this argument. Instead, GHURA saved the remedial argument for its Motion for Reconsideration.

As stated above, a motion for reconsideration is not a proper time to present a new legal theory. *See Guam Bar Ethics Committee,* 2001 Guam 20 ¶ 9. Here, GHURA did not properly raise its remedial statute argument during its opposition to the Motion to Dismiss. GHURA did not file anything with regard to this argument until the Motion for Reconsideration and provides no valid reason why this argument was not properly raised earlier if GHURA was reasonably diligent, as required by CVR Rule 7.1(i)(1). Therefore, the Court finds that GHURA raising this remedial argument in its Motion for Reconsideration is improper.

---

[9] Matter of Jaquan L. (Pearl L.) 179 A.D.3d 457 (2020).

Despite the failure to raise these arguments in a proper manner in its Response to the Motion to Dismiss, the Court will still address the remedial argument to determine whether not applying the FCWA retroactively is "manifestly unjust."

**2.    GHURA Fails to Demonstrate Manifest Injustice in Not Applying the FCWA Retroactively.**

The Supreme Court of Guam also reviews motions for reconsideration "where the trial court: '(1) is presented with new evidence; (2) *committed clear error or the decision was manifestly unjust,* or (3) if there is an intervening change in controlling law.'" *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38 (citing *Ward v. Reyes,* 1998 Guam 1 ¶ 10) (emphasis added)

With regards to a motion for reconsideration, manifest injustice "is used as a catch-all factor to capture situations that strike the court as fundamentally unfair." *Raya v. Calbiotech,* No. 2019 WL 11504688 *3 (S.D. Cal. Nov. 26, 2019) (quotation omitted). However, the standard is a high threshold, and "it is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind." *Id.* "[T]he courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Id.* (citation omitted); *see de Borja v. Razon*, 340 F.R.D. 400, 408–09 (D. Or. 2021) ("manifest injustice is defined as an error in the trial court that is direct, obvious, and observable") (quotation omitted); *see also DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.,* 2014 Guam 12, ¶ 22 ("Clear error is found where the appellate court determines that a trial court could not rationally have decided as it did.").

---

### A. GHURA's Reliance on *Adair*'s Manifest Injustice Standard Is Misguided and Not Applicable.

In GHURA's Motion for Reconsideration, GHURA asserts that the dismissal of GHURA's FCWA claims is manifestly unjust because it "denies GHURA the remedy afforded by the statute for a preexisting wrong." Mot. for Recons., at 6. GHURA instructs the Court that the standard to determine "whether reconsideration of a decision regarding retroactive application of a statute is manifestly unjust" is found within *Adair Standish Corp. v. NLRB*, 912 F.2d 854, 866 (6th Cir. 1990). The three-prong standard from *Adair* is: "reliance of the parties on preexisting law, the effect of retroactivity on accomplishing the purpose of the law, and injustice arising from retroactive application." Mot. for Recons., at 5; *see Adair*, 912 F.2d at 866.

In the Opposition, Rodriguez argues that the claim of manifest injustice "is wholly irrelevant because the manifest injustice inquiry determines whether a court should grant a motion for reconsideration only *after* the threshold requirements of CVR 7.1(i) have been met." Opp'n, at 5. Rodriguez contends that regardless "GHURA's reliance on *Adair* is misplaced" because the 6th Circuit case "does not deal with retroactive application of a statute." Opp'n, at 6. Further, Rodriguez argues that the case "articulates an appellate court's standard for reviewing an administrative law tribunal's denial of a motion for reconsideration, not a trial court's standard," and finally, *Adair* dealt with a decision that was "in favor of retroactivity," unlike here where the D&O was not in favor. *Id.* Rodriguez concludes that "GHURA grossly misapplies the *Adair* factors and its analysis is of no value." Opp'n, at 6.

The Court agrees with Rodriguez's conclusion that *Adair*'s analysis is not applicable to the manifest injustice standard in this case. *Adair* involves a decision to award workers back pay from the National Labor Relation Board ("NLRB"), relying on the retroactive application of an

administrative board decision in *Lapeer Foundry and Mach., Inc.,* 289 N.L.R.B. No. 126, 129 L.R.R.M. (BNA) 1001 (1988). *Id.* at 857-58. The 6th Circuit found that this retroactive application of *Lapeer Foundry* did not result in manifest injustice after applying the three-factor test stated above. *Id.* at 866.

Here, GHURA's argument is based upon whether the trial court denying retroactive application of a statute is manifestly unjust, whereas in *Adair* that court was concerned with whether permitting retroactive application of an administrative ruling was manifestly unjust. GHURA provides no case law or other argument to support why this standard is still applicable to a denial of retroactivity in a Motion for Reconsideration.[10] Therefore, the Court finds that GHURA's use of the *Adair* factors as the standard for manifest injustice is misplaced and not applicable to this Motion for Reconsideration.

### B. *Jenkins* Is Distinguishable and Not Applicable to the Facts of This Case.

In the Reply, GHURA defends its position of manifest injustice by stating that "the Supreme Court of Guam allows the trial court to analyze motions for reconsideration for manifest injustice." Reply, at 5. To support this statement, GHURA cites a decision from the Superior Court of Guam case *DFS Guam L.P. v. the A.B. Won Pat International Airport Authority, Guam, et al.,* Civil Case No. CV0943-14, as follows:

> The Supreme Court of Guam has explained that motions for reconsideration are appropriate where the trial court: "(1) is presented with new evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in the *controlling law*." Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 38 (citing Ward v. Reves, 1998 Guam 1 ¶ 10 (reviewing the grant of reconsideration pursuant to GRCP 59(e)), see Rong Chang Co., Ltd., Inc. v. M2P, Inc., 2012 Guam 1 ¶ 18 (holding that the standard of review is identical under both GRCP 59(e) and GRCP 60(b)), see also State v. Fitzsimmons, 668 A.2d 453,

---

[10] Further, the Court also notes that GHURA does not respond to Rodriguez's arguments against the use of *Adair* in its Reply.

456 (NJ. Super. 1995) (motions for reconsideration are not avenues to re-argue motions already decided, but to allow the unfavorable party to make a statement regarding the matters or *controlling decisions* which the party believes the court has overlooked or as to which it has erred) (emphases added).

Reply, at 5. In GHURA's quote of this decision, GHURA adds an emphasis on "controlling law" and "controlling decision." Following these quotes, GHURA simply states that "Rodriguez did not provide it, and the Court overlooked *Jenkins*, making analysis of manifest injustice appropriate." *Id.* GHURA does not explain what "it" is, nor does it make any further explanation beyond its block quote, but the Court presumes GHURA means that Rodriguez did not provide the *Jenkins* case in its Motion to Dismiss. However, as GHURA argues that *Jenkins* is an overlooked "controlling decision," the Court will address it.

In *Jenkins*, the Supreme Court of Guam determined that an amendment to the Business License Law would not apply retroactively. *Jenkins*, 2007 Guam 12 ¶ 15 ("The changes in the Business License Law thus do not appear to be intended by the Legislature to retroactively apply to Jenkins' situation."). Plaintiff-Appellee Jenkins made loans to acquaintances between 1996 and 2000, including two loans to the Defendant-Appellants, the Montallanas, in 1996 and 1998. *Id.* at ¶ 2. From 1998 to June 2003, Jenkins held a business license from the Guam Department of Revenue and Taxation for the business of money lending. *Id.* at ¶ 3. In November 2003, after her business license had expired, she filed suit against the Montallanas to collect on the 1996 and 1998 loans. *Id.* at ¶ 4. The trial court ruled that Jenkins' claims on the 1996 loan be dismissed for lack of a business license, but that she met the procedural requirements to collect on the 1998 loan. *Id.* at ¶¶ 4-5.

On appeal, the Montallanas argued that the trial court erred in awarding judgment to Jenkins because she did not have her business license when she filed her complaint in November

2003, and was collecting on loans, which constituted engaging in business. *Id.* at ¶ 7. Jenkins argued that the Business License Law, after its amendment in December 2003, made clear that "maintaining or defending any action or suit," "creating or acquiring evidence of debt," and "securing or collecting one's own debts" did not constitute engaging in business. *Id.* at ¶ 8.

One of the key issues on appeal in *Jenkins* was which version of the Business License Law applied to the case, as the December 2003 amendments changed the definition of "engaging in business." *Id.* at ¶ 10. Because these amendments were enacted after Jenkins filed her complaint, the court had to decide whether said amendments could apply retroactively. *Id.* The Supreme Court of Guam reviewed the legislative intent and stated that the statute was enacted "to attract an inflow of foreign and domestic capital and new business prospects" and Jenkins was "neither a foreign investor nor a new investor" and that "[t]he changes in the Business License Law thus do not appear to be intended by the Legislature to retroactively apply to Jenkins' situation." *Id.* at ¶ 15. Further, the court held that "the provisions which set forth these changes do not expressly apply here, since the amendments were enacted after Jenkins filed suit." *Id.* at ¶ 16. The Supreme Court then turned to the statutory construction of amendments, noting that the amendments may still "provide some aid in our interpretation" and made a distinction between statutory amendments that clarify rather than amend laws, noting that amendments that clarify "must be accepted as the legislative declaration of the meaning of the original act." *Id.* at ¶¶ 17-19 (emphasis added).

GHURA cites to *Jenkins* in the Motion for Reconsideration, Reply and oral arguments, characterizing it as a controlling decision in the context of the application of remedial statutes. Mot. for Recons., at 3-4; Reply, at 5; Min. Entry at 2:12:30 PM (August 31, 2022). GHURA

states: "Where the statute is silent and legislative intent is unclear, if the statute applied retroactively, affects substantive rights, liabilities, or duties for conduct arising before its enactment, then the statute is not to be applied to the event or act in question absent a clear indication from the Legislature that it intended the statute to apply." Mot. for Recons., at 3; *Jenkins*, 2007 Guam 12 ¶ 13. GHURA relies on this statement as providing the basis for remedial statutes to apply retroactively.

However, this Court does not find *Jenkins* to support GHURA's argument in the context of this case. First, in *Jenkins*, the Supreme Court of Guam determined whether an *amendment* to a statute can be applied retroactively, not whether an entirely new statute like the FCWA may be applied retroactively. Second, the case does not address the subject of substantive or procedural/remedial distinction in its analysis, which GHURA notes in the Motion for Reconsideration stating that "Guam's Supreme Court has not evaluated whether statutes providing procedural or remedial effect may be applied retroactively." Mot. for Recons., at 4; *see Jenkins*, 2007 Guam 12, at n.5. Finally, the *Jenkins* decision does not support GHURA's proposition for retroactive application because the Supreme Court found that the amendment should *not* be applied retroactively due to the lack of explicit legislative intent for it to do so. *Jenkins*, 2007 Guam 12 ¶ 11, 14.

The Court does not find *Jenkins* to offer any new understanding with regard to statutory retroactivity than that which was considered in its March 11, 2022 D&O, which analyzed other Supreme Court of Guam case law, including *In Re Request of 24th Guam Legislature* and *People v. Camacho*. D&O, at 6, 20. In the March 11, 2022 D&O, the Court considered a variety of factors in determining that the FCWA did not apply retroactively, such as whether there was an

explicit retroactivity provision or whether retroactivity was necessarily implied. D&O, at 9-10.

Therefore, this Court finds *Jenkins* to be distinguishable and does not construe it as a controlling

decision that was overlooked by the Court.

### C. Other Case Law Cited by GHURA Does Not Support Its Claim of Manifest Injustice.

GHURA supports its argument that the FCWA is a "remedial statute that is retroactive"

by including several authorities from other jurisdictions with parenthetical citations, which the

Court will examine in turn. First, GHURA cites *State ex rel. Foy v. Austin Capital Management*,

Ltd., 355 P.3d 1 (N.M.2015), in which GHURA claims supports the notion that "a qui tam statute

applied retroactively since action in fraud existed." Mot. for Recons., at 4. However, GHURA's

parenthetical case citation appears to be missing an important aspect of the case. In *State ex rel.*

*Foy*, the statute explicitly included a provision that authorized retroactive claims. *State ex rel.*

*Foy*, 355 P.3d at ¶ 25. The provision stated that actions could be brought for "conduct that

occurred prior to the effective date" of the 2007 statute, "but not for conduct that occurred prior

to July 1, 1987." *Id.* Therefore, this case is in line with the Court's March 11, 2022 D&O, which

recognized that a statute that contained an explicit retroactive provision would be controlling, as

opposed to the FCWA which does not include such a provision.

Second, GHURA cites *State ex rel. Turner v. Limbrecht*, in which "[a] consumer fraud

statute applied retroactively because it was remedial and consumers could have sued for common

law fraud." Mot. for Recons., at 4; 246 N.W.2d 330, (Iowa 1976), (*overruled on other grounds*

*by State ex rel. Miller v Hydro Mag, Ltd.,* 436 N.W.2d 617, 622 (Iowa 1989)). In *Limbrecht*, the

newly-enacted statute at issue was a criminal statute for consumer fraud that included a provision

for the attorney general to also seek damages in a civil action.[11] *Id* at 333. The court held that legislative intent was the critical element to determining retroactivity. "Deciding the statute is remedially applied and therefore deserving of a presumption of retrospectivity is not conclusive of the underlying question whether the statute is given retrospective application. Legislative intent controls final determination." *Id.* The *Limbrecht* court held that the legislature intended the section to have retrospective application because the preamble of that Act states: "An Act outlawing certain consumer frauds, and providing more effective regulatory and enforcement procedures," which that court interpreted as indicating that the legislature was aware of existing frauds and that, "more importantly the language indicates the legislature intended to improve the regulatory and enforcement procedures then existing." *Id.* at 333-334.

Unlike *Limbrecht*, where the Court found legislative intent within the preamble, the preamble to the FCWA does not provide any legislative intent that supports retroactivity. The preamble to the the FCWA states "An Act to Add A New Chapter 37 to Title 5, Guam Code Annotated, Relative to Establishing A Policy For False Claims Filed With The Government of Guam And Providing For Whistleblower Awards to Individuals Who Report Underpayments of Taxes Levied Under the Laws of Guam." Committee Report, Bill No. 286-34 (COR) (July 25, 2018). At the time of enactment, Guam had no existing policy for false claims filed with the government, and the preamble explicitly states "establishing a policy," confirming that no existing policy would be modified or amended by the act as in *Limbrecht*. In the Court's March 11, 2022 D&O, there is an analysis of other possible forms of legislative intent, or lack thereof, regarding the FCWA and retroactivity, and the D&O concluded that the legislative intent did not support retroactive application. *See* D&O, at 10-15.

---

[11] Iowa Code Annotated § 714.16 (2022) (formerly Iowa Code Annotated § 713.24 (1977)).

The *Limbrecht* court also noted that Iowa does not have a constitutional prohibition regarding retrospective laws. 246 N.W.2d at 334. "'In many of the states there are constitutional provisions expressly prohibiting, not only the passage of any ex post facto law or law impairing the obligation of contracts, but any statute retrospective in its operation.' Iowa has no such constitutional provision." *Id.* As noted in its March 11, 2022 D&O, "Guam has an express statute that addresses the effect of the absence of a retroactivity clause within a statute." D&O, at 5; 1 GCA § 702 ("No part of this Code is retroactive, unless expressly so declared." Therefore, the Court finds *Limbrecht* to be distinguishable from the instant case.

Third, GHURA cites *Buccino v. Continental Assurance Co.*, 578 F.Supp. 1518, 1526-27 (S.D.N.Y. 2009), quoting that "statutes which merely expand the scope of a remedy or remove procedural bars to the assertion of a cause of action are often given retroactive effect." However, the Court finds that there are two distinctions between *Buccino* and the instant case. First, *Buccino* involves the retroactive application of an amendment to an existing fraud statute, not the retroactive application of a newly-enacted statute like the FCWA. *Id.* Second, the *Buccino* court deemed the amendment to *not* apply retroactively because it "did not simply modify or augment the remedies provided by [the statute] or repair a technical defect in the procedures under the statute," but "created an entirely new right of action on behalf of private citizens, where only the Attorney General had been able to sue before" and expanded the potential liability of those who violated the statute. *Id.* at 1527. "The Attorney General was empowered only to seek injunctive relief and 'the restitution of monies or property.' The private right of action allows individuals to seek actual damages and treble damages." *Id.* Similarly, the FCWA does not modify or augment any remedies provided by a prior statute, but creates a new scheme enabling a private right of

action for individuals to seek actual damages and treble damages on behalf of the government. Thus, the Court does not find that the holding in *Buccino* supports GHURA's position of the FCWA applying retroactively, but rather the position that it applies prospectively

Finally, GHURA cites *United States v. Fischbach & Moore, Inc.*, 1988 WL 166541 *3-4 (E.D. Tenn. 1988) and *United States v. Pani*, 717 F.Supp. 1013 (S.D.N.Y. 1989). Mot. for Recons., at 5. Both cases address the 1986 amendments to the federal False Claims Act. In *Fischbach*, the court determined that the 1986 amendments were remedial and retroactive. That court found that the amendments "modernized jurisdiction and venue provisions, increased recoverable damages, raised civil forfeiture and criminal penalties, and defined the mental element and burden of proof for false claims actions." 1988 WL 166541 at *3. *Pani* involved the same 1986 False Claim Act amendments. The amendment in that case "increased liability for each violation to three times the amount of actual damages and a fine of not less than $5,000 and and not more than $10,000." 717 F.Supp. at 1015. Both cases involve the retroactive application of *amendments* to existing statutes, not to the retroactive application of a newly enacted statute with a new enforcement scheme.

After reviewing the case law provided by GHURA, it fails to demonstrate any clear or obvious error in the Court's analysis within the March 11, 2022 D&O granting the Motion to Dismiss. Therefore, the Court does not find that denying the retroactive application of FCWA would be manifestly unjust to GHURA.

## CONCLUSION

For the reasons set forth herein, the Court hereby **DENIES** GHURA's Motion for Reconsideration. The Court further **ORDERS** that if GHURA desires to continue the actions for breach of contract and unjust enrichment, GHURA must file its Amended Complaint in accordance with the March 11, 2022 D&O **within thirty (30) days** of the issuance of this Decision and Order.

**SO ORDERED** ___DEC 0 2 2022___

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**